**SAN DIEGO REGIONAL EMPLOYMENT AND TRAINING CONSORTIUM (RETC), Petitioner,**

v.

**U.S. DEPARTMENT OF LABOR, Respondent,**

**Bruce Lee Caukin, et al., Real Party in Interest.**

No. 82–7223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1983.

Decided Aug. 25, 1983.

John W. Witt, City Atty., San Diego, Cal., for petitioner.

Harriet A. Gilliam, Dept. of Labor, Washington, D.C., Bruce Lee Caukin, Redondo Beach, Cal., for respondent.

Before WRIGHT and SCHROEDER, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

The Secretary of Labor (Secretary) issued a final decision and order holding San Diego Regional Employment and Training Consortium (RETC) and its subgrantee, City of Chula Vista (Chula Vista), jointly and severally liable to hold a civil service hearing and to implement its decision, in the matter of Chula Vista's termination of Bruce Lee Caukin (Caukin), an employee of Chula Vista under the Comprehensive Employment and Training Act of 1973 (CETA).[1] The Secretary's order also imposes sanctions against either RETC or Chula Vista in the event of non-compliance with the order.

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Comprehensive Employment and Training Act of 1973, 29 U.S.C. §§ 801, *et seq., repealed by* Act of Oct. 13, 1982, Pub.L. No. 97–300, Title I, § 184(a)(1), (2), 96 Stat. 1357, 1358.

RETC petitions this court for review of those portions of the Secretary's order imposing liability and conditional sanctions upon RETC.

RETC presents three arguments on appeal: first, that it cannot be held jointly and severally liable for the violation by its subgrantee; second, that it was provided with no separate notice or hearing on its liability or the conditional sanctions imposed by the order; and third, that it is incapable to provide the hearing and implementation ordered by the Secretary.

For the reasons discussed below, we affirm the Secretary's order in part, and remand to the Secretary for further proceedings on appropriate sanctions in this case.

BACKGROUND

RETC has been a prime sponsor within the meaning of §§ 101 and 102 of CETA and has been receiving funding to operate programs under the Act and its amendments. RETC is a consortium of eligible local governmental applicants, the City of San Diego and the County of San Diego, pursuant to 29 U.S.C. § 811(a)(3). Chula Vista was a subgrantee and recipient of CETA funds through the County of San Diego and RETC, to operate public service employment programs.

Chula Vista hired Bruce Lee Caukin on October 13, 1975, as a CETA Title II participant, for a position as firefighter. Following a hearing to evaluate Caukin's job performance, Chula Vista terminated Caukin's employment on January 2, 1977. Caukin's request for a civil service hearing was denied both by Chula Vista and by its civil service commission. Caukin appealed that denial to RETC under 20 C.F.R. § 98.40 (1982). On October 18, 1977, following an investigation, RETC concluded that Chula Vista had violated 29 C.F.R. § 98.24(b), in denying Caukin the hearing to which non-CETA employees were entitled, and instructed Chula Vista to permit Caukin's appeal to its civil service commission.

Chula Vista appealed RETC's determination to the Grant Officer, United States Department of Labor, who upheld RETC's decision. Chula Vista then requested a hearing before an Administrative Law Judge (ALJ), who issued a decision reversing the determinations of RETC and the Grant Officer on January 21, 1981. The Grant Officer requested review by the Secretary, but the decision of the ALJ became final agency action on February 20, 1981.

Caukin then filed a timely petition for review in this court, Docket No. 81–7122, seeking to reverse the decision of the ALJ and to reinstate the final determination of the Grant Officer. Upon petition of the Grant Officer, this court remanded the matter to the Secretary on August 25, 1981, for reconsideration for a period not to exceed six months. The Secretary issued his final decision and remedial order on February 15, 1982, properly making findings of fact and reversing the decision of the ALJ, and further ordering: (1) that Chula Vista within thirty days conduct a civil service hearing on the propriety of Caukin's dismissal and on any remedies therefor; (2) that the civil service commission within forty-five days after its hearing issue a decision to be implemented by Chula Vista within thirty days; (3) that Chula Vista and RETC are jointly and severally liable for implementation of the final decision, i.e., that RETC shall be obliged to provide the required hearing and to implement its decision if Chula Vista fails to do so; and (4) that failure to comply with the order would result in immediate termination of all CETA programs conducted by or through the non-complying party or parties, and of all CETA funding therefor, as well as imposing ineligibility for subsequent CETA programs until the noncomplying party establishes to the satisfaction of the Department of Labor that its eligibility should be restored.

Within sixty days of the Secretary's decision and order, on April 12, 1982, RETC filed its petition for review with this court. The court subsequently dismissed the related action, Caukin's appeal of his case against the City and the Department of Labor.

The City of Chula Vista has withdrawn from participation in CETA and is not a party to this petition for review.

**1444**

DISCUSSION

I. *RETC's Joint and Several Liability for its Subgrantee's Violation of CETA*

The applicable standard of review of the Secretary's decision is set forth in 29 U.S.C. § 817(b) (Supp. II 1978), which states:

The findings of fact by the Secretary, if supported by substantial evidence, shall be conclusive, but the court, for good cause shown, may in whole or in part, set aside the findings of the Secretary or remand the case to the Secretary in whole or in part to take further evidence, and the Secretary may thereupon make new or modified findings of fact and may modify the previous action, and shall certify to the court the record of the further proceedings.

RETC does not contest the Secretary's findings of fact, nor his order that Chula Vista be held liable for implementing the final decision and order. RETC challenges only the Secretary's authority to find it jointly and severally liable for its subgrantee's violation of CETA. The statute and the regulations governing CETA do not address precisely the issue of prime sponsor liability, but analysis of the statutory scheme and the legislative history of the Act and its amendments support the Secretary's conclusion of such liability here.

■ From the outset, CETA has attempted to decentralize the planning and administration of its employment programs, subject to federal supervision. Prime sponsors are responsible to supervise their subgrantees, just as the federal government is responsible to supervise the prime sponsors. That duty to supervise, as well as the power to do so, stems directly from the CETA program structure. CETA's enabling statute, 29 U.S.C. §§ 801, *et seq.*, and the regulations promulgated thereunder, 29 C.F.R. §§ 94, *et seq.*, (1982), make clear that the prime sponsor is given the major responsibility to ensure that employment programs are operated properly and effectively. In accepting CETA funds for distribution, a prime sponsor "must also accept the supervisory role envisioned by the Act" and "must police and enforce those regulations and ensure that the program within its

geographic area runs smoothly and according to law." *Commonwealth of Kentucky, Dept. of Human Resources v. Donovan*, 704 F.2d 288, 293–94 (6th Cir.1983).

■ RETC applied for prime sponsor status and was granted federal funding to operate CETA programs pursuant to the statute, agreeing voluntarily to its responsibility to assure proper program certification, administration and expenditures. That responsibility and its ensuing liability for violations were intended by and implicit in the original 1973 CETA statute, and were yet more clearly set out in the 1978 amendments: "Nothing in this section shall be deemed to reduce the responsibility and full liability of the prime sponsors and other recipients which receive funds directly from the Secretary." 29 U.S.C. § 816(k). Furthermore, although the Secretary is authorized to act directly against subgrantees for their violations, this fact "does not relieve a recipient who receives financial assistance directly from the Secretary from being responsible for the actions and omissions of its subgrantees and subcontractors." S.Rep. No. 891, 95th Cong., 2d Sess. 43, *reprinted in* 1978 U.S.Code Cong. & Ad. News 4480, 4523. RETC voluntarily undertook the responsibilities of prime sponsor status, and those responsibilities and obligations to the Secretary do not cease when a subgrantee has sought, as here, to remove itself from the affray. The CETA program, statute and regulations compel the conclusion that RETC recognize its own ultimate responsibility to ensure that its subgrantees comply with all terms and conditions of the Act.

The CETA statute authorizes the Secretary to terminate financial assistance in whole or in part, and to order sanctions and corrective actions as appropriate, when the Secretary concludes that a recipient is failing to comply with any provision of the chapter or that a recipient has not taken appropriate action against its subgrantees. 29 U.S.C. § 816(d)(1). Such sanctions and corrective actions were available to the Secretary even before the 1978 amendments to CETA. The original 1973 statute provided that the Secretary should not provide financial assistance to a prime sponsor unless the

prime sponsor certified that *"it would comply with all provisions of the chapter."* 29 U.S.C. § 815(b)(2) (emphasis added). Further, the 1973 Act authorized the Secretary to revoke a prime sponsor's plan and, to terminate funding for specific acts or omissions, including "otherwise materially failing to carry out the purposes and provisions of this chapter." 29 U.S.C. § 818(d)(4), *amended by* 29 U.S.C. § 816(c), (d).

■ RETC argues that its breach, uncontested in the findings of fact, cannot be considered material, but offers in support simply its conclusion that a violation of a single CETA participant's due process rights cannot be considered material within a national CETA program. RETC's argument does not attempt to counter the Secretary's findings of fact, and those findings shall be considered conclusive if supported by substantial evidence. The Secretary's decision to order RETC to provide Caukin with a civil service hearing is reasonable and supported by the evidence and findings presented and uncontested, as well as by the statutory scheme. Congress intended that the Secretary should exercise his own independent judgment in determining prime sponsor compliance with the law, and placed on him the duty to ensure that federal funds are expended in accordance and compliance with the requirements of federal law. H.Rep. No. 93–659, 93d Cong., 1st Sess., *reprinted in* 1973 U.S.Code Cong. & Ad.News 2935, 2942. *Accord, Commonwealth of Massachusetts, Balance of State, Prime Sponsor v. U.S. Dept. of Labor,* 683 F.2d 568 (1st Cir.1982) (CETA prime sponsor's joint and several liability for its subgrantee's violation upheld, based both on statutory scheme and prime sponsor's ability to provide immediate relief to the participant-complainant); and *Milwaukee County v. Peters,* 682 F.2d 609 (7th Cir.1982) (prime sponsor's joint and several liability upheld as consonant with the legislative scheme and policy).

Accordingly, we affirm here that Chula Vista and RETC are jointly and severally liable to provide Caukin's civil service hearing and to implement the remedies it orders. If Chula Vista fails to comply with the Secretary's decision, RETC must do so.[2]

## II. Notice and Hearing for the Conditional Sanctions

■ RETC does not claim lack of notice of the underlying violation, Chula Vista's denial of a civil service hearing to Caukin. RETC contends that it was without notice of the remedy that was to follow that violation. Despite its participation at every step of Caukin's administrative and judicial appeal, RETC now complains that it is entitled to a separate hearing on the issue of the appropriateness of the Secretary's conditional sanctions. In a recent case, this court has rejected the argument that a recipient of CETA funds is entitled to a separate hearing on sanctions. *City of Oakland v. Donovan,* 703 F.2d 1104 (9th Cir.1983). There the court concluded that the CETA statute's notice and hearing requirement, 29 U.S.C. § 816(d) (Supp. II 1978),[3] is intended to "prevent the imposition of sanctions without a hearing on the underlying violation." *City of Oakland v. Donovan,* 703 F.2d at 1108.[4]

2. *See* section III, *infra.*

3. In pertinent part, 29 U.S.C. § 816(d) states: If the Secretary concludes that any recipient of funds under this chapter is failing to comply with any provision of this chapter or the regulations under this chapter or that the recipient has not taken appropriate action against its subcontractors, subgrantees, and other recipients, the Secretary shall have authority to terminate or suspend financial assistance in whole or in part and order such sanctions or corrective actions as are appropriate, including the repayment of misspent funds from sources other than funds under this chapter and the withholding of future funding, if prior notice and an opportunity for a hearing have been given to the recipient.

4. The Secretary's final decision and remedial order is itself notice to RETC of its potential liability. The order does not impose any immediate sanction or corrective responsibility upon RETC; the order first mandates that Chula Vista shall provide Caukin with the required hearing, and only then holds RETC jointly and severally liable for implementation. The sanction of termination of financial assistance is *wholly* conditional: only if neither Chula Vista nor RETC complies with the Secretary's deci-

We remand, however, for further proceedings by the Secretary, limited to the issue of the appropriateness of the sanctions chosen by the Secretary to be imposed against RETC if Caukin is denied his hearing by both Chula Vista and RETC. The Secretary has the statutory authority to impose a variety of sanctions, only one of which is termination of CETA funding. The Secretary's decision, however, does not adequately set forth the reasons for choosing termination of RETC's CETA funding and programs if the hearing is not held. We do not here hold that the proposed sanctions are either inappropriate or an abuse of discretion. We state rather that the record before us does not provide a sufficient basis for judgment on the Secretary's exercise of discretion. *See id.* On remand, the Secretary must explain his decision to choose the particular sanctions.

III. *RETC's Capability to Provide the Civil Service Hearing*

■ RETC's argument that it should not be held liable to implement the Secretary's decision and order because it is incapable of compliance is without merit. As a condition for receipt of CETA funds, RETC is required to have in place a grievance procedure for resolving issues between grantees or subgrantees and participant-complainants. 29 C.F.R. § 98.26 (1982). RETC in fact employed that very procedure at the outset of Caukin's complaint, to determine whether Caukin was entitled to a civil service hearing by Chula Vista. RETC cannot now argue that it is unable to hold a civil-service-style hearing on the propriety of Caukin's dismissal by Chula Vista.

■ RETC also argues that it cannot be required to hold a hearing because it will be unable to provide Caukin with relief. RETC's inability to provide a remedy, however, would not obviate its duty to hold such a hearing on the propriety, in the first instance, of Caukin's dismissal. Consideration of remedy is at this stage premature because it has not, in fact, been established

that Caukin is entitled to relief. The Secretary's order only states that he is entitled to a hearing and with that RETC is capable of complying.

For the reasons set forth, the petition is denied in part, and remanded in part for further proceedings by the Secretary. The above panel will retain jurisdiction if further appellate review is necessary following the Secretary's statement of reasons.

DENIED IN PART; REMANDED IN PART.

---

sion will termination be imposed, and then only against the noncomplying party.

